STATE *v.* HARRINGTON.

(No. 49590.   Decided May 19, 1966.)

*Mr. Melvin G. Rueger*, prosecuting attorney, and *Mr. Leonard Kirschner*, for plaintiff.
*Mr. Bernard Gilday, Jr.*, for defendant.

Utz, J. This cause came on for hearing on the 19th day of May, 1966, in the Hamilton County Court, Area 3, defendant having been charged in Affidavit No. 49590 by Juanita Wiles with a violation of Section 4931.31, Revised Code (threat or harrassment communications prohibited). Prior to the defendant's plea, defendant through his counsel orally moved to suppress all evidence.

The court instructed defense counsel to submit his motion in writing with a memorandum in support thereof, granting the state sufficient time to answer defense counsel's memorandum.

The motion with oral argument was heard on June 22, 1966, written memorandums having been filed.

This action arose when the defendant was apprehended, taken into custody by the police officers of the city of Reading, Ohio, and detained over a period of several hours. During the period of detention * * * and without the benefit of a warrant of this defendant's arrest, he was interrogated by the officers and voluntarily gave to the officers the incriminating evidence that they requested. This also included a search of the defendant's automobile.

Subsequently, the officers obtained a warrant and charged the defendant with the violation of Section 4931.31, Revised Code, following this, the defendant was advised of his constitutional rights, that is the right to legal counsel, the fact that any statements he made could be used for or against him, that he was not required to make a statement if he did not wish to do so, and further that if it was his desire to make a statement, this statement would be of his own free will and not under duress or by reason of a promise of a reward.

Following the defendant being advised by the officers of his rights, he again gave the arresting officers the same incriminating evidence previously related by him prior to the legal arrest.

Defendant's motion to suppress the evidence included all papers and documents and other property taken from the automobile of the defendant by the officers of the Reading, Ohio, Police Department on the 12th day of May, 1966, and all statements, both oral and written, offered and/or given by the defendant concerning phone calls to any person or persons on or about the 12th day of May, 1966.

Defense counsel contends that the arrest of this defendant, his detention and the search of his automobile, and the interrogation by the officers without first obtaining a warrant for his arrest, is illegal.

The court, in considering the motion to suppress, has elected to separate and consider separately the acts of the arresting officers both before and after a legal arrest was made.

Part No. 1, quaere.

Whether, all papers, whether written or oral statements, declarations and/or confessions obtained by the interrogating officers including the search and seizure of documents from the defendant's automobile, prior to the obtaining of a warrant for the defendant's arrest, should be suppressed.

Section 2935.03, Revised Code, prohibits the arrest of any person for a crime defined as a misdemeanor unless the officers making the arrest had a *valid warrant* (emphasis added), or the act or acts constituting the misdemeanor are committed in the officers' presence.

Your attention is called to *Beck* v. *Ohio*, 379 U. S. 89; the facts in this case concerned an arrest being made by a police officer who did not have a warrant, nor did he witness the acts constituting the crime. Subsequent to the detention, a search of the defendant and his car were made and having obtained the incriminating evidence from the person of the defendant, the officers filed a written charge for a misdemeanor whereupon the defendant admitted participating in the numbers game.

The court held and I quote:

"As arrest without a warrant by-passes the safeguards provided by statute and by an objective predetermination of probable cause and substitutes the far less reliable procedure of an after-the-event justification for the arrest or search too likely to be subtly influenced by the familar shortcomings of hindsight judgment."

Looking then to the second portion of the motion, or Part No. 2, the court must consider quaere whether all evidence obtained after a warrant was filed and the defendant was charged with the commission of a misdemeanor, and advised of his rights under the law and thereafter elected to voluntarily furnish the arresting officers incriminating evidence in answer

to their inquiry. Counsel for the defendant has cited *State* v. *Thompson*, 1 Ohio App. 2d 533, Syllabus, Paragraph 2:

"Admissions against interest or confessions by a defendant upon an unlawful arrest are the fruits of such arrest and are not admissible as evidence in the trial of the case."

It is to be noted that in the case cited, there was an unlawful arrest and the court held the fruits of such arrest not admissible as evidence in the trial of the case.

In the instant case, the prosecuting attorney contends that once a legal affidavit and warrant were issued and served, all evidence which was lawfully obtained after the lawful arrest is proper and should be considered as part of the entire trial of the case and the proof thereon.

A close examination of the factual situation presented in this case clearly indicates that detention of the defendant coupled with the search, seizure, and interrogation prior to the obtaining of a warrant is illegal and the motion to suppress the evidence, Part No. 1, is hereby granted.

As to Part No. 2 of said motion to suppress, same shall be overruled for the reason that the defendant was arrested and charged under a lawful affidavit and warrant and having been advised of his rights, nevertheless elected to offer incriminating evidence in support of the misdemeanor charge. The court finds that this was not evidence as a result of the unlawful arrest and that it should be considered in the trial of the case as any other lawful evidence would be considered to determine the guilt or innocence of this defendant.